UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW GABRIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EASTPOINT RECOVERY GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, MATTHEW GABRIEL ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, EASTPOINT RECOVERY GROUP, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §1692k FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Grayslake, Lake County, Illinois.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency with a principal place of business located in the Buffalo, Erie County, New York.

11. Defendant is a business entity engaged in the collection of debt within the State of Illinois.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acts through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, originating with Lending Tree.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff on Plaintiff's cellular telephone at xxx-xxx-4211 and Plaintiff's office telephones at xxx-xxx-2337 and xxx-xxx-0143, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from several telephone numbers including, but not limited to, 716-710-7261, 716-220-7242, 716-712-5490 and 716-919-6100, which belong to Defendant.

22. On at least one occasion since Defendant began calling Plaintiff, Plaintiff has requested for Defendant to stop calling him.

23. Despite Plaintiff's requests to stop calling him, Defendant continued to call Plaintiff's telephone unabated.

24. After Plaintiff requested for Defendant to stop calling him, Defendant left the following voicemail messages on Plaintiff's telephone:

    a. "Hi, this message is for Matthew Gabriel. My name is Edward. I'm calling from Eastpoint Recovery Group. Please return my call at 716-220-7242."

    b. "Matthew Gabriel, this is Rose Sharp with Eastpoint Group. I need to speak with you today. Contact my office at 716-463-5450. I'll be here until about five o'clock Eastern time today. Thank you."

    c. "Hi, Logan. This is Robin at the Eastpoint Recovery Group. You and I spoke last week. If you can please call me directly concerning your arrangement here, my number is 716-712-5490. Thank you."

    d. "Hey, Matthew. Good afternoon. It's Frank over at Eastpoint. If you can please give me a call back when you get this. I have to provide my client with an update before I leave the office this afternoon. I will be available until 04:30 Eastern Time. My phone number, again, is in area code 716-710-7261. Thank you."

25. Defendant is or should be familiar with the FDCPA.

26. Defendant knows or should know the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

27. Defendant knows or should know the FDCPA require a debt collector to disclose that the communication is an attempt to collect a debt when communicating with a consumer.

28. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

30. Defendant acted with intent to annoy and harass Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with

intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him;

c. Defendant violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from Eastpoint Recovery Group;

d. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant's collector, Rosie Sharp, falsely represented that she needed to speak with Plaintiff the day she left a voicemail message on Plaintiff's telephone, when Defendant's collector, Robin, falsely represented that Plaintiff had an arrangement with Defendant and when Defendant's collector, Matthew, falsely represented that he needed to provide his client with an update the same afternoon he left a voicemail message on Plaintiff's telephone;

e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose that the communication is from a debt collector attempting to collect a debt;

f. Defendant violated § 1692e(14) of the FDCPA by using any business, company or organization name other than the true business name of the debtor's business, company or organization, when Defendant left voicemail message for Plaintiff on

Plaintiff's telephone and stated the communication is from "Eastpoint" and "Eastpoint Group"; and

g. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, MATTHEW GABRIEL, respectfully requests judgment be entered against Defendant, EASTPOINT RECOVERY GROUP, INC., for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

34. Any other relief that this Honorable Court deems appropriate.

DATED: May 3, 2021                    RESPECTFULLY SUBMITTED,

By: /s/ Taylor L. Kosla
Taylor L. Kosla
IL SBN: 6327180
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
taylor@agrusslawfirm.com
Attorney for Plaintiff